

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

February 17, 1971

Hon. Roy Pickett
County Attorney
Martin County
Stanton, Texas    79782

Opinion No. M-792

Re:     The validity of the
appointment of jury
commissioners by a
county judge who is
a party in a case
pending in county
court and the re-
sultant validity of
the selection of
jurors by such
commissioners.

Dear Mr. Pickett:

In your recent opinion request addressed to this office, you stated the following facts and circumstances:

"The present County Judge of Martin County was elected in November, 1970 and took office January 1, 1971.

"During the month of November, 1970 and before the present judge took office, Texas Electric Service Company filed with the county judge a number of suits in condemnation to secure right-of-way for a electric transmission line. One of the condemnees is the present judge.

"Commissioners were appointed by the past County Judge and awards made during the month of December, 1970. Texas Electric Service Company objected to the awards and the matter is pending in County Court.

"I am not concerned about the Condemnation Suit, or the appointment of a Special Judge to hear that suit. I am concerned about the validity of Jury Panels

-3850-

<u>for criminal trials selected by a Jury Commis-</u>
<u>sion which might be void."</u>

You then pose the following questions:

"(Where) a county judge (is) disqualified under the provisions of Section 11, Article V of the Constitution, and Article 15, V.A.C.S. to sit in the case pending in his court. Is he likewise disqualified to appoint a jury commission to select jury lists from which a jury will be seated to try the case in which the judge is disqualified to sit?

"Are all jury panels selected by the jury commission void, even as to those cases in which the judge is not disqualified to sit?"

Article 2109, Vernon's Civil Statutes authorizes the appointment of court jury commissioners and provides in pertinent part as follows:

"The county court shall, at its first term after the last day of December and the last day of June of each year, appoint three jury commissioners for said court, having the same qualifications as jury commissioners for the district court. The same proceedings shall be had in the county court by its officers and said commissioners to procure jurors as are required by this title for similar proceedings in the district court, except as modified by the provisions of this Article.

"   . . .

"2. To select jurors. -- Said commissioners shall select jurors for all the terms of the county court to be held within six months after the adjournment of the first week of said court after the dates first named. The county judge shall designate the number of jurors to be so selected for each term and week."

Jury commissioners, like the county judge, are officers of the court. Hill v. State, 157 S.W.2d 369 (Tex.Crim. 1942, reversed on other grounds, 316 U.S. 400).

It has been held that interest in a pending suit does not disqualify a jury commissioner nor does it invalidate the selection of jurors by the commissioners. Whittle v. State, 66 S.W. 771 (Tex.Crim. 1902); Walker v. State, 267 S.W. 988 (Tex.Crim. 1925); Shacklett v. Naylor, 358 S.W.2d 952 (Tex. Civ.App. 1962, no writ). Moreover, a challenge to the array or panel of jurors selected for a criminal case would not be sustained unless it can be shown that the commissioners selected the jurors with the intent that a conviction or an acquittal be secured. Walker v. State, supra; Article 35.07, Code of Criminal Procedure.

Accordingly, the fact that the county judge is a defendant in a suit pending in the county court which may require a jury, does not render void the appointment of juror commissioners by the judge nor the selection of jurors by the commissioners.

We express no opinion on whether the appointment of jury commissioners in December of 1970 for apparent service in 1971 complies with the selection requirements of Article 2109.

## S U M M A R Y

Jury panels selected by jury commissioners appointed by a county judge who has an interest in a pending case in county court are not void and the jurors are not disqualified to serve on county court juries.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lonny F. Zwiener
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Gordon Cass
Jack Sparks
John Reese
S. J. Aronson

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant